UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHICAGO BRIDGE & IRON COMPANY N.V. and CB&I UK LIMITED,<br><br>       Petitioners,<br>v.<br><br>REFINERÍA DE CARTAGENA S.A.S.,<br><br>       Respondent,<br>v.<br><br>CBI COLOMBIANA S.A.<br><br>       Cross-Respondent. | Civil Action No. 1:23-cv-04825-GHW<br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

Respondent Refinería de Cartagena S.A.S., f/k/a/ Refinería de Cartagena S.A. ("Reficar"), petitions this Court to confirm an arbitration award pursuant to the Inter-American Convention on International Commercial Arbitration (the "Panama Convention"), the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), and Chapter 2 of the Federal Arbitration Act ("FAA") against (i) Petitioner McDermott International Holdings B.V., f/k/a Comet II B.V., f/k/a Chicago Bridge & Iron Company N.V. ("CB&I N.V."), (ii) Petitioner CB&I UK Limited ("CB&I UK"), and (iii) Cross-Respondent CBI Colombiana S.A. ("CBI Colombiana," and collectively with CB&I N.V. and CB&I UK, "CB&I"), and alleges as follows:

### INTRODUCTION

1.      This is a petition to confirm an arbitration award dated June 2, 2023 (the "Award") issued by the International Court of Arbitration of the International Chamber of Commerce ("ICC"). *See* Ex. 1 (Award).[1] The Award was unanimously signed by one of the most

---

[1] Reficar's supporting documents are annexed to the Declaration of Mike Stenglein, dated August 4, 2023 ("Stenglein Decl.") and are referenced herein as "Ex. __."

distinguished tribunals ever assembled: Professor Juan Fernández-Armesto of Spain (Chairman), Professor Andrés Jana Linetzky of Chile, and Sir Vivian Ramsey of the United Kingdom (collectively, the "Tribunal"). Ex. 1 (Award).

2.  As brief background, Reficar and CB&I signed an agreement in 2010 (the "EPC Agreement") by which CB&I agreed to perform the engineering, procurement, and construction for the expansion of Reficar's refinery in Cartagena, Colombia (the "Project"). The Project was years late and billions of dollars over budget, and Reficar commenced an arbitration against CB&I pursuant to the EPC Agreement. After seven years of proceedings, the Tribunal issued the final Award. The Award finds that CB&I was responsible for part of the cost-overruns and delays and orders them, jointly and severally, to pay certain damages and interest to Reficar.

3.  Because CB&I N.V. and CB&I UK (jointly, the "CB&I Petitioners") initially filed a petition to vacate the Award, they are technically the petitioners and Reficar is the respondent in this proceeding. As CBI Colombiana has not moved to vacate the Award but was a party to the underlying contracts and the arbitration, it is named here as a cross-respondent to allow it to assert any interest it believes it may have.

**PARTIES**

4.  Respondent Reficar is a company organized under Colombian law with its principal place of business in Cartagena, Colombia.

5.  According to its petition to vacate, Petitioner CB&I N.V. is a company organized and existing under the laws of The Netherlands with its principal place of business at Prinses Beatrixlaan 35, 2595 AK, The Hague, The Netherlands. At the commencement of the arbitration, CB&I N.V. was known as Chicago Bridge & Iron Company, N.V. However, during the arbitration process, Chicago Bridge & Iron Company N.V. was reorganized by merger as "Comet II B.V." as a result of McDermott International's acquisition of CB&I N.V. and affiliated entities. In

McDermott International's subsequent Chapter 11 reorganization proceeding in 2020, the Confirmation Order stipulated that Reficar's claims against "Reorganized Comet II B.V.," as "successor in interest to Chicago Bridge & Iron Company N.V.," were preserved and not impaired as a result of the reorganization.  *See* Order at 88, *In re McDermott Int'l Inc.*, No. 20-30336 (Bankr. S.D. Tex., Mar. 12, 2020), Dkt. No. 665.  After the bankruptcy, Comet II B.V. was renamed as McDermott International Holdings B.V.  *See* Dkt. No. 19 at 1 (Petitioners' Corporate Disclosure Statement.)

6. According to its petition to vacate, Petitioner CB&I UK is a limited liability company incorporated under the laws of the United Kingdom with a principal place of business at 2 New Square Bedfont Lakes Business Park, Feltham, Middlesex, United Kingdom, TWH14 8HA.

7. Cross-Respondent CBI Colombiana is a company organized under the laws of Colombia.  Although CBI Colombiana was not named as a debtor in McDermott International's bankruptcy proceeding, the entity was, upon information and belief, liquidated under the laws of Colombia due to insolvency at some time after the Chapter 11 proceeding.  Pursuant to the parties' Dispute Resolution Agreement, CBI Colombiana agreed that it could be served with process for this proceeding through its registered agent in New York:  CT Corporation System, 111 Eighth Avenue, New York, NY 10011.  In order to allow CBI Colombiana to assert any interest it believes it may have in this proceeding, Reficar has named it as a Cross-Respondent, will serve this petition on its contractual registered agent.

## JURISDICTION AND VENUE

8. This Court has original jurisdiction over this petition pursuant to 9 U.S.C. § 203 and 9 U.S.C. § 302 because the petition seeks to confirm an arbitral award pursuant to the Panama Convention and the New York Convention, as implemented by Chapters 2 and 3 of the FAA.  *See Scandinavian Reinsurance Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 71 (2d Cir.

2012) (9 U.S.C. § 203 provides "federal jurisdiction over actions to confirm or vacate an arbitral award that is governed by the [New York] Convention"). The Award falls under both Conventions because it arises out of a legal relationship considered "commercial" that is not "entirely between citizens of the United States" and "involves property located abroad." 9 U.S.C. § 202; *see also* 9 U.S.C. § 302. Section 7.3 of the parties' Dispute Resolution Agreement further provides that the Final Award should be enforced "in accordance with the [Panama Convention] and, where not in conflict, the [New York Convention]." Ex. 20 (Dispute Resolution Agreement, JX-007).

9. Venue is proper in this Court under 9 U.S.C. § 204 because the parties designated New York, New York as the seat of the arbitration pursuant to Section 4.9 of their Dispute Resolution Agreement. *See also* 9 U.S.C. § 302.

10. This Court has personal jurisdiction over CB&I because each of the three entities agreed to arbitrate in New York and consented to the jurisdiction of this Court pursuant to Sections 4.9, 7.3, 14, and 15.1 of the Dispute Resolution Agreement. Ex. 20 (Dispute Resolution Agreement, JX-007).

## FACTS

### A.   The Arbitration Agreement

11. In connection with the Project, Reficar and CB&I entered into a June 15, 2010 Dispute Resolution Agreement that required all disputes be resolved by binding arbitration seated in New York:

> **4.1** Any Dispute not amicably resolved by the Parties pursuant to the terms of Clause 3 of this Agreement must be referred to and finally resolved by arbitration administered by the ICC and conducted under the ICC Rules as modified by this Agreement. . . .
>
> **4.9** The place and seat of the arbitration shall be New York.

Ex. 20 (Dispute Resolution Agreement, JX-007) §§ 4.1, 4.9.

4

12. In the event of an arbitration award, the parties agreed to court enforcement pursuant to the Panama and New York Conventions and waived any objections to jurisdiction:

> **7.3** Without prejudice to any mandatory public rules that may apply in such jurisdiction, an Arbitration Award may be enforced by the courts in any jurisdiction in which the Party against whom the Arbitration Award is being enforced in accordance with the Inter-American Convention on International Commercial Arbitration and, where not in conflict, the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards. Save to the extent not permitted by any applicable mandatory public rules, the Parties hereby waive any objection to personal jurisdiction or the venue of any proceedings in any court under this provision or that any such court provides an inconvenient forum, waives any right to jury trial in any such proceeding and consents to the service of process upon it in connection with any proceeding instituted under this Clause 7 in the manner set out in Clause 15.

Ex. 20 (Dispute Resolution Agreement, JX-007) § 7.3 .

13. Each party also designated an agent for service of process in New York for such a proceeding:

> **15 Service of Process**
>
> **15.1** Each of:
>
> > (i) Refinería de Cartagena S.A. hereby designates Pablo Ferrante of Mayer Brown LLP, 1675 Broadway, New York, NY 10019-5820;
> >
> > (ii) CB&I UK Limited hereby designates CT Corporation System, 111 Eighth Avenue, New York, NY 10011;
> >
> > (iii) CBI Colombiana S.A. hereby designates CT Corporation System, 111 Eighth Avenue, New York, NY 10011; and
> >
> > (iv) Chicago Bridge & Iron Company N.V. hereby designates CT Corporation System, 111 Eighth Avenue, New York, NY 10011;
>
> as its authorized agent, respectively, to accept and acknowledge on its behalf service of any process which may be served in any action or proceeding in the State of New York under this Agreement ("Process Agent") and each Party agrees that any process or other paper to be served in connection with any action or proceeding in the State of New York under this Agreement, shall, if delivered, sent or mailed in accordance with Clause 13, constitute good, proper and sufficient service thereof.

> **15.2** Each Party agrees to designate a replacement Process Agent under this Clause 15 by notice to each of the other Parties in the event that it wishes to change the Process Agent it designated on the date hereof or pursuant to an Accession Agreement following which date such replacement Process Agent shall be that Party's Process Agent.

Ex. 20 (Dispute Resolution Agreement, JX-007) §§ 15.1, 15.2 .

14. Finally, the Dispute Resolution Agreement stipulated that any party that unsuccessfully resisted enforcement of an arbitration award must pay the enforcing party's costs:

> **4.22** The Arbitral Tribunal shall be empowered to award all or a portion of the costs of the arbitration, and arbitration fees, to either Party. Any Party unsuccessfully resisting enforcement of any Arbitration Award must pay the enforcing Party's cost of those proceedings.

Ex. 20 (Dispute Resolution Agreement, JX-007) § 4.22 .

### B.   The Arbitration Proceeding

15. On March 8, 2016, Reficar initiated arbitration pursuant to the requirements of the EPC Agreement. Ex. 26 (Reficar RFA). On June 24, 2016, Reficar nominated Andrés Jana as its party-appointed arbitrator. Ex. 27 (Communication C-7). The same day, CB&I nominated Sir Vivian Ramsey as their party-appointed arbitrator. Ex. 27 (Communication R-7). On August 15, 2016, the two party-appointed arbitrators nominated Juan Fernández-Armesto as the chairman. Ex. 27 (August 15, 2016 email from Sir Vivian Ramsey). No party objected to these nominations, and the ICC Court confirmed the Tribunal. Ex. 1 (Award) ¶¶ 17–19.

16. The arbitration proceeded over the course of several years, with numerous rounds of pleadings including expert reports and witness statements. Ex. 1 (Award) ¶¶ 122–31. In January 2020, CB&I N.V. — then known as Comet II B.V. — and CB&I UK informed the Tribunal that they had filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, along with their parent corporation McDermott International Inc. *See* Ex. 29 (R-102). The Tribunal stayed the arbitration and delayed the hearing as a result. Ex. 8 (Communication A-

88).  CB&I N.V. and CB&I UK emerged from Chapter 11 in June 2020, and the bankruptcy court's Confirmation Order specifically preserved Reficar's claims against both entities:

> Notwithstanding anything in the Plan, the Disclosure Statement, this Confirmation Order or any documents related hereto or thereto to the contrary, Refinería de Cartagena S.A. ("Reficar") is deemed to have timely and affirmatively opted out of the Third-Party Releases set forth in Article VIII.D of the Plan with respect to all of its Claims regardless of whether or not Reficar has submitted an Opt-Out Form, and shall not be considered a "Released Party" or a "Releasing Party."  For the avoidance of doubt, as a Holder of Class 10 General Unsecured Claims against Comet II B.V. (successor in interest to Chicago Bridge & Iron Company N.V.) and CB&I UK Limited, no Claim or Cause of Action of Reficar, or any affiliate of Reficar, shall be released, impaired or otherwise modified by the Plan, the Disclosure Statement, this Confirmation Order or any documents related hereto or thereto, and all Claims, including all Causes of Action of Reficar, or any affiliate of Reficar, will be Reinstated, including against Reorganized Comet II B.V. (successor in interest to Chicago Bridge & Iron Company N.V.) and Reorganized CB&I UK Limited for the Cartagena Arbitration, and shall be excluded from the provision of VIII.F of the Plan relating to the Injunction.

Order at 88, *In re McDermott Int'l Inc.*, No. 20-30336 (footnote omitted).

17. In contrast to CB&I N.V. and CB&I UK, McDermott International did not seek the protections of Chapter 11 for CBI Colombiana.  The day before CB&I N.V. and CB&I UK emerged from Chapter 11, CB&I informed the Tribunal that the Colombian *Superintendencia de Sociedades* [the "*SDS*"] had ordered the judicial liquidation of CBI Colombiana as result of its insolvency.  Ex. 1 (Award) ¶ 8.  Thereafter, the *SDS* appointed a liquidator for CBI Colombiana, and the liquidator informed the Tribunal that CBI Colombiana would "keep on participating in the referred procedures and maintains all the previous arguments, defenses and claims presented before the tribunal and henceforth adheres to all arguments, defenses, writs, requests and filings presented by [CB&I]."  *See* Ex. 1 (Award) ¶¶ 9–13.  Several months before the Award was issued, the Tribunal "received a letter from Mr. Camilo Alberto Guzmán Prieto, announcing his role as the new Liquidator of CBI Colombiana ["**New Liquidator**"], and attaching the power of attorney

7

granted to Dr. Gustavo Adolfo Romero Torres ["**Legal Representative**"] for the purpose of representation of CBI Colombiana in the current proceedings." Ex. 1 (Award) ¶ 14.

18. After the McDermott International bankruptcy delay, the parties submitted additional written submissions, including extensive joint expert reports. Ex. 1 (Award) ¶¶ 122–131. The evidentiary hearing was ultimately held in two blocks and ran for more than six weeks between May 17, 2021 and July 16, 2021. Ex. 1 (Award) ¶ 113. Following post-hearing briefing, the Tribunal heard oral closing arguments in November 2021. Ex. 1 (Award) ¶¶ 115–18.

C. **The Award**

19. The Award, which was unanimously signed by all three arbitrators, is dated June 2, 2023, and the ICC notified the parties with electronic copies on June 7, 2023. The Award is 480 pages in length with 2,500 paragraphs and 2,375 footnotes. Ex. 1 (Award). While too voluminous to summarize in detail here, it includes a 118-paragraph summary of the procedural history, *id.* ¶¶ 23–140; a 50-paragraph choice-of-law analysis, *id.* ¶¶ 187–236; a 50-paragraph summary of the facts, *id.* ¶¶ 237–86; a 522-paragraph analysis of Reficar's pre-contract claims that finds in favor of CB&I, *id.* ¶¶ 304–825; a 537-paragraph analysis of Reficar's contractual claims that finds in favor of both parties in part, *id.* ¶¶ 828–1364; a 165-paragraph analysis of CB&I's counterclaims that also finds in favor of both parties in part, *id.* ¶¶ 1365–1529; a 196-paragraph delay analysis that finds in favor of both parties in part, *id.* ¶¶ 1530–1725; a 56-paragraph analysis of lost profits that finds in favor of CB&I, *id.* ¶¶ 2021–76; and a 188-paragraph analysis of the applicability of the contractual liability cap that finds in favor of Reficar, *id.* ¶¶ 2083–2270.

20. The Award's final orders are found in paragraph 2,500, in which the Tribunal made the following determinations:

> 1. Declares that CB&I did not commit pre-contract misconduct, did not breach its pre-contractual duty to act in good faith and did not act with precontractual *dolo* and is not liable for any damages under this heading;

8

2. Declares that the limitations as regards the Tribunal's powers, contained in Section 4.13 of the DRA are enforceable; as a result, the Tribunal lacks the power to adjudicate Reficar's requests for relief no. 22, 44, 48 and 51 and these requests are dismissed; request for relief no. 47 is partially dismissed for the same reason;

3. Declares that CB&I breached its Cost Control Commitments under the EPC Contract and must reimburse Reficar USD 845.4 million for costs paid by Reficar to CB&I, which had not been reasonably and properly incurred in accordance with the EPC Contract;

4. Declares that CB&I breached its Schedule Control Commitments under the EPC Contract and owes Reficar USD 152.75 million for delay liquidated damages;

5. Declares that CB&I breached its defects correction obligations under the EPC Contract and owes Reficar USD 10.3 million for specific impacts on PCS contractors;

6. Declares that Reficar breached its payment obligations under the EPC Contract and owes CB&I USD 914,939 and COP 28,256,049 for reasonable and proper costs;

7. Declares that Reficar properly drew on the Performance LoC and that amounts already collected must be credited to CB&I in the settlement of accounts; Reficar is entitled to fully draw on the Advance Payment LoC, and amounts drawn will reduce the total amount that CB&I is ordered to pay in this Award;

8. Declares that CB&I breached the EPC Contract Cost and Schedule Control Commitments through *culpa grave* or gross negligence and that CB&I cannot avail itself of the limitation-of-liability provisions in the EPC Contract with regard to the amounts awarded to Reficar in decisions 3. and 4. *supra;*

9. Orders both Parties to comply with their respective Indemnification Commitments under the EPC Contract, to the extent that the breaches determined in this Award trigger an Indemnifiable Event;

10. Declares that CB&I UK and CBI Colombiana are jointly and severally liable under any of the Project Agreements and that, pursuant to the Parent Guarantee, CB&I N.V. is jointly and severally liable as a primary obligor for all obligations declared and amounts awarded; as a result, Reficar may seek the relief awarded in this arbitration from all three Respondents: CB&I UK, CBI Colombiana and CB&I N.V., all of which are jointly and severally liable under the EPC Contract;

> 11. Orders (i) CB&I UK, CBI Colombiana and CB&I N.V. to pay jointly and severally to Reficar USD 937,495,061 and (ii) Reficar to pay COP 28,256,049 to CBI Colombiana;
>
> 12. Declares that the EPC Agreement, with a value of USD 5,074 million plus COP 28.3 million, is liquidated as of December 31, 2015;
>
> 13. Orders (i) CB&I UK, CBI Colombiana and CB&I N.V. to pay jointly and severally to Reficar interest on the awarded amount of USD 937,495,061 at the rate of six-month LIBOR plus a margin of 2%, compounded daily, accruing from December 31, 2015 until the date of payment and (ii) Reficar to pay to CBI Colombiana interest on the awarded amount of COP 28,256,049, at the rate of DTF plus a margin of 2%, compounded daily, accruing from December 31, 2015 until the date of payment;
>
> 14. Orders CB&I UK, CB&I N.V. and CBI Colombiana to pay jointly and severally to Reficar an award on costs of USD 58,659,079, plus interest at the rate of six-month LIBOR plus a margin of 2%, compounded daily, accruing from the date of the notification of this Award until the date of payment; and
>
> 15. Dismisses any other claim, counterclaim or relief sought by any Party.

Ex. 1 (Award) ¶ 2500.

21. The Award was issued within the time permitted by the ICC Court and applicable rules. Ex. 28 (compilation of ICC Court extensions).

### D. These Proceedings

22. CB&I N.V. and CB&I UK initiated this proceeding through their petition to vacate the Award. Accordingly, this petition to confirm will be served on them through the ECF system.

23. CBI Colombiana has not petitioned to vacate the Award. For the purpose of allowing CBI Colombiana to present any interest it believes it may have, Reficar is naming CBI Colombiana as a cross-respondent. Pursuant to Section 15 of the Dispute Resolution Agreement, Reficar will serve CBI Colombiana agent through its registered agent.

24. Confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," *Florasynth, Inc. v. Pickholz*, 750

F.2d 171, 176 (2d Cir. 1984), and the court "must grant" confirmation "unless the award is vacated, modified, or corrected." 9 U.S.C. § 9. For the reasons set forth in Reficar's accompanying memorandum of law, the petition to confirm should be granted.

25. In addition, once the petition is granted, CB&I N.V. and CB&I UK must pay Reficar's costs pursuant to Section 4.22 of the Dispute Resolution Agreement.

## RELIEF

26. Reficar respectfully request that this Court issue an order pursuant to 9 U.S.C. § 9 confirming the Award.

27. Reficar further respectfully requests that this Court enter judgment thereon pursuant to 9 U.S.C. § 13, including the following entitlements:

   a. CB&I UK, CBI Colombiana, and CB&I N.V. are jointly and severally liable to Reficar for USD $937,495,061 in damages;

   b. CB&I UK, CBI Colombiana, and CB&I N.V. are jointly and severally liable to Reficar for interest on the awarded amount of USD $937,495,061 at the rate of six-month LIBOR plus a margin of 2%, compounded daily, accruing from December 31, 2015 until the date of payment;

   c. CB&I UK, CBI Colombiana, and CB&I N.V. are jointly and severally liable to Reficar for USD $58,659,079 in costs;

   d. CB&I UK, CBI Colombiana, and CB&I N.V. are jointly and severally liable to Reficar for interest on the awarded amount of USD $58,659,079 at the rate of six-month LIBOR plus a margin of 2%, compounded daily, accruing from June 7, 2023 until the date of payment;

28. Reficar further respectfully requests that this Court order that CB&I UK and CB&I N.V. are jointly and several liable for Reficar's costs including attorney's fees incurred in this proceeding pursuant to Section 4.22 of the parties' Dispute Resolution Agreement. Reficar will submit its costs after the confirmation order or upon the Court's request.

29. Reficar finally respectfully requests such other and further relief as this Court deems just and proper.

Dated: August 4, 2023

Respectfully submitted,

/s/ *Mike Stenglein*
Mike Stenglein (*admitted pro hac vice*)
Matthew Vandenberg (*admitted pro hac vice*)
KING & SPALDING LLP
500 West 2nd Street, Suite 1800
Austin, Texas 78701
(512) 457-2000 (telephone)
mstenglein@kslaw.com
mvandenberg@kslaw.com

Adam L. Gray (*admitted pro hac vice*)
KING & SPALDING LLP
Al Fattan Currency House
Tower 2, Level 24
Dubai International Financial Centre
Dubai, UAE
971 4 377 9931 (telephone)
agray@kslaw.com

Ashley C. Parrish (*pro hac vice forthcoming*)
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW, Suite 900
Washington, DC 20006-4707
(202) 626-2627 (telephone)
aparrish@kslaw.com

Randy M. Mastro
KING & SPALDING LLP
1185 Avenue of the Americas, 34th Floor
New York, NY 10036
(212) 827-4019 (telephone)
rmastro@kslaw.com

**ATTORNEYS FOR RESPONDENT REFINERÍA DE CARTAGENA S.A.S.**

## **CERTIFICATE OF SERVICE**

     I hereby certify that, on August 4, 2023, I electronically served the foregoing document on all opposing counsel for Petitioners, and served CBI Colombiana S.A. through its agent for service of process.

                                                      */s/ Mike Stenglein*
                                                     Mike Stenglein (*admitted pro hac vice*)