UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHICAGO BRIDGE & IRON COMPANY N.V. and CB&I UK Limited,<br><br>                                    Petitioners<br><br>v.<br><br>REFINERÍA DE CARTAGENA S.A.S.,<br><br>                                    Respondent<br><br>v.<br><br>CBI COLOMBIANA S.A.<br><br>                                    Cross-Respondent | Civil Action No. 1:23-cv-04825-GHW |

**DECLARATION OF MIKE STENGLEIN IN SUPPORT OF RESPONDENT'S MOTION BY ORDER TO SHOW CAUSE FOR (1) PREJUDGMENT ATTACHMENT AND (2) DISCLOSURE OF PETITIONERS' ASSETS**

I, Mike Stenglein, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct:

1. I am an attorney admitted to practice law in Texas and admitted *pro hac vice* in the above-captioned case. I am a partner at the law firm King & Spalding LLP, and I represent Respondent Refinería de Cartagena S.A.S., f/k/a Refinería de Cartagena S.A. ("Reficar"), in this case and in other related proceedings. I submit this declaration based upon my personal knowledge and in support of Reficar's Motion by Order to Show Cause for (1) Prejudgment Attachment Order and (2) Disclosure of Petitioners' Assets (the "Motion").

2. Based on this declaration, the declarations of Patrick Schumann and Sebastiaan van den Berg, both dated September 25, 2023, and the attachments thereto, and as explained more fully in Reficar's Memorandum, good and sufficient reasons exist to proceed with this

1

   Motion by Order to Show Cause. Petitioners Chicago Bridge & Iron N.V. ("CB&I N.V.") and CB&I UK Limited ("CB&I UK," and together with CB&I N.V, "CB&I") have recently commenced restructuring proceedings in the Netherlands and England, respectively (the "Foreign Restructuring Proceedings"), and the speed with which CB&I expects those proceedings to be concluded poses an imminent threat to Reficar's ability to collect on the more than US$ 1 billion judgment that it seeks in this action to confirm an arbitral award (the "Award") issued on June 2, 2023 in favor of Reficar and against CB&I.

3. On September 8, 2023, McDermott International Inc. ("McDermott"), the parent company of CB&I N.V. and CB&I UK, issued a press release stating that, pursuant to an agreement with its key financial stakeholders, it intended to cause CB&I N.V. and CB&I UK to commence restructuring proceedings in the Netherlands and England, respectively. McDermott's press release states that it "strongly disagrees" with the Award and that one of the main objectives of the Foreign Restructuring Proceedings will be to "discharg[e]" CB&I's debt under the Award. Attached as **Exhibit 1** is a true and correct copy of McDermott's press release dated September 8, 2023.

4. McDermott's press release also states that "[f]ollowing completion of the Netherlands and UK processes, [McDermott] will make a voluntary filing in the United States to secure legal recognition of the international court decisions" and that it "expects to complete the processes no later than early 2024."

5. The filing of the Foreign Restructuring Proceedings creates a real risk that CB&I N.V. and CB&I UK will not be able to or will refuse to pay this Court's expected judgment confirming the Award. As explained above, one of the main objectives of the Foreign Restructuring Proceedings is to discharge and release CB&I's debt to Reficar under the

Award. Moreover, as explained by Messrs. Schumann and van den Berg in their declarations in support of the Motion, a company cannot restructure its debts under English and Dutch restructuring procedures unless it has encountered (or is likely to encounter) financial difficulties that are affecting its ability to continue as a going concern (in England) or where there is no realistic prospect that it can continue to pay its debts (in the Netherlands).

6. The risk that CB&I N.V. and CB&I UK will not be able to pay or will refuse to pay this Court's expected judgment is heightened by the fact that McDermott and numerous of its subsidiaries (including CB&I N.V. and CB&I UK) only recently (on June 30, 2020) emerged from Chapter 11 bankruptcy proceedings in the U.S.

7. CB&I N.V. and CB&I UK are foreign domiciled companies not qualified to do business in New York. On September 9, 2023, I caused an investigation to be made into whether CB&I N.V. and CB&I UK hold a Certificate of Authority to conduct business in New York. A search of the New York State Department of State database revealed no entries for CB&I N.V. or CB&I UK. Attached hereto as **Exhibits 2** and **3** are true and correct copies of the Department of State results for a search for CB&I N.V. and CB&I UK, respectively. Attached hereto as **Exhibits 4** and **5** are true and correct copies of the Department of State results for a search of "Chicago Bridge & Iron" and "CB&I," respectively.

8. Given the filing of the Foreign Restructuring Proceedings and the status of CB&I N.V. and CB&I UK as foreign domiciled corporations not qualified to do business in New York, without an order of attachment and an order for the disclosure of Petitioners' assets, Reficar faces a real risk that Petitioners' assets will be out of the reach of this Court and thus that

any judgment that Reficar recovers in the confirmation proceedings will be rendered uncollectible.

9. The urgency of this motion by Order to Show Cause is underscored by the speed with which McDermott and CB&I expect the Foreign Restructuring Proceedings to be concluded. As explained by Mr. Schumann in his declaration, CB&I UK expects the "Sanction Hearing," at which the English court will be asked to approve CB&I UK's proposed restructuring plan, to be held on November 10, 2023.

10. If Reficar is unable to attach and levy upon Petitioners' assets in the United States before the November 10, 2023 "Sanction Hearing" in England, Reficar is concerned that this Court's expected judgment confirming the Award will become unenforceable against CB&I.

11. I am aware of no known counterclaims from CB&I that would exceed the amount sought by Reficar in its petition to confirm the Award. I am equally unaware of any grounds upon which CB&I could formulate a cause of action against Reficar, and to date no demand has been made by CB&I against Reficar in connection with any potential cause of action.

12. Finally, I confirm that Reficar has not made a previous application for an order to show cause or for similar relief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: September 25, 2023

Austin, Texas

Mike Stenglein