UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHICAGO BRIDGE & IRON COMPANY N.V. and CB&I UK Limited,

        Petitioners

v.

REFINERÍA DE CARTAGENA S.A.S.,

        Respondent

v.

CBI COLOMBIANA S.A.

        Cross-Respondent

Civil Action No. 1:23-cv-04825-GHW

## DECLARATION OF SEBASTIAAN VAN DEN BERG IN SUPPORT OF RESPONDENT'S MOTION FOR ORDER OF PREJUDGMENT ATTACHMENT

I, Sebastiaan van den Berg, hereby declare pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an attorney-at-law licensed to practice in the Netherlands (*advocaat*). I am a partner at RESOR N.V., an Amsterdam-based law firm that specializes in corporate restructuring and insolvency. I have more than 13 years of experience practicing in the area of corporate restructuring and insolvency in the Netherlands. I represent Respondent Refinería de Cartagena S.A.S. f/k/a Refinería de Cartagena S.A. ("**Reficar**") in relation to the Dutch restructuring proceedings described below. I submit this declaration, based upon my personal knowledge, in support of Reficar's Motion by Order to Show Cause for (1) Prejudgment Attachment Order and (2) Disclosure of Petitioners' Assets.

1

2. On September 8, 2023, McDermott International Ltd. ("McDermott") publicly announced in a press release that McDermott International Holdings B.V. ("CB&I N.V.") and Lealand Finance Company B.V. ("Lealand") would initiate restructuring procedures in the Netherlands under the Dutch Act on Confirmation of Extrajudicial Plans (*Wet Homologatie Onderhands Akkoord* or "**WHOA**"), a sub-chapter of the Dutch Bankruptcy Act ("**DBA**") (*Faillissementswet*); and (ii) McDermott's subsidiary CB&I UK Limited ("CB&I UK") would initiate similar proceedings in the United Kingdom under the Companies Act 2006 (UK).

3. Under Dutch law, the WHOA is available to debtors where it can be reasonably expected that there is no realistic prospect that they can continue to pay their debts. The WHOA proceedings allow the debtor to preserve its value by voluntarily restructuring its debts outside of formal insolvency proceedings (*faillissement*).

4. Key features of the WHOA procedure include:

    - The debtor retains possession of its property and the authority to manage and dispose of its assets (*i.e.*, no administrator or supervisor is involved, besides the court).

    - There is no automatic stay of creditor actions against the debtor upon the initiation of a WHOA procedure.

    - The debtor is in charge of offering a restructuring plan. If appointed by the court, a plan can also be offered by the restructuring expert (*herstructureringsdeskundige*).

    - The debtor can offer the restructuring plan to a number of creditors and shareholders. The WHOA allows the debtor to divide the creditors/shareholders into different classes. Creditors/shareholders in different positions must be placed in different classes.

    - Once the restructuring plan is approved by at least one in-the-money creditor class, the debtor (or restructuring expert) can ask the court to bind all affected creditors, regardless

of their consent, through a court confirmation of the restructuring plan. If both the debtor and the restructuring expert have offered a plan, the restructuring expert's plan will only be assessed by the court if there are grounds to reject the debtor's plan (or if the debtor and the restructuring expert agree to give priority to the restructuring expert's plan or all classes voted in favor of the restructuring expert's plan while this is not the case for the debtor's plan).

- Under the WHOA, the conditions for binding a dissenting class are, amongst others, that (i) the distribution of the value realized with the plan (*reorganisatiewaarde*) does not deviate, to the disadvantage of the class that did not accept the plan, from its legal ranking or preference, except for the situation that there is a 'reasonable ground' to deviate, and (ii) the plan does give the respective non-secured creditor(s) a right to opt for a cash payment in the amount they would have expected to receive in cash in formal insolvency proceedings (*faillissement*).

5. On September 21, 2023, Reficar was informed that on September 8, 2023, CB&I N.V. and Lealand have filed the opening declaration (*startverklaring*) as described in article 370, section 3 of the DBA with the Amsterdam district court in the Netherlands.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed on: September 25, 2023

Amsterdam, The Netherlands                                      Sebastiaan van den Berg