UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHICAGO BRIDGE & IRON COMPANY N.V. and CB&I UK Limited,<br><br>　　　　　　　　　　Petitioners<br><br>v.<br><br>REFINERÍA DE CARTAGENA S.A.S.,<br><br>　　　　　　　　　　Respondent<br><br>v.<br><br>CBI COLOMBIANA S.A.<br><br>　　　　　　　　　　Cross-Respondent | Civil Action No. 1:23-cv-04825-GHW |

**DECLARATION OF PATRICK SCHUMANN IN SUPPORT OF RESPONDENT'S MOTION FOR ORDER OF PREJUDGMENT ATTACHMENT**

I, Patrick Schumann, hereby declare pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am an English solicitor and a partner at King & Spalding International LLP, a U.S. law firm with offices located in major commercial centers around the world. I am resident in the firm's London office and am a member of the firm's Corporate, Finance & Investments practice group. My practice focuses on restructuring and insolvency, and I have more than 14 years of experience in this area of practice. I represent Petitioner Refinería de Cartagena S.A.S. ("Reficar") in the English restructuring proceedings described below. I submit this declaration, based upon my personal knowledge, in support of Reficar's Motion for Order of Prejudgment Attachment.

2. On September 8, 2023, CB&I UK Limited ("**CB&I UK**"), a subsidiary of McDermott International Ltd. ("**McDermott**"), notified Reficar that CB&I UK is proposing a court-supervised restructuring plan under Part 26A of the Companies Act 2006 in England.

3. In order to use Part 26A of the Companies Act 2006, the company must have encountered, or be likely to encounter, financial difficulties that affect its ability to continue as a going concern. One of the main objectives of the Foreign Restructuring Proceedings is to discharge CB&I's debt under the Award.

4. The restructuring procedure is intended to eliminate, reduce, prevent, or mitigate a company's financial difficulties and is available to a company only when its financial difficulties are affecting its ability to continue as a going concern.

5. Key features of the English procedure include:

   - The company (*i.e.*, debtor) retains possession of its property and the authority to manage and dispose of its assets (*i.e.*, no administrator or supervisor is involved, besides the court).

   - There is no automatic stay of creditor actions against the company upon the initiation of a Part 26A procedure.

   - The company, any creditor or shareholder, or any administrator or liquidator appointed over the company, may propose a Part 26A procedure (typically, this procedure is proposed by the company, as is the case with CB&I UK).

   - It is the responsibility of the applicant to summon a meeting of the relevant creditors or class of creditors, or of shareholders or class of shareholders (as applicable) in order to consider and vote on the restructuring plan. Every creditor or shareholder whose rights are affected by the proposed restructuring plan must be permitted to participate in the meetings.

- Groups of creditors and shareholders participating in a restructuring plan vote in classes. A class of creditors or shareholders should include all those creditors/ shareholders whose rights are not so dissimilar as to make it impossible for the members of the class to consult together with a view to their common interest.
- A restructuring plan will take effect between a company and its creditors or shareholders (or any class of them) and become binding on all the creditors and shareholders to whom it applies if:

    (a) the restructuring plan is approved by 75% in value of the creditors or shareholders (or each class of creditors and/or shareholders) voting at each meeting convened to consider the restructuring plan; or

    (b) in the event that the restructuring plan is not approved by a number representing at least 75% in value of any class of creditors or shareholders of the company voting at the relevant plan meeting:

    (i) the court must be satisfied that, if it were to sanction the restructuring plan, none of the members of the dissenting class would be any worse off than they would be under the relevant alternative to the restructuring plan (the relevant alternative being whatever the court considers would be most likely to occur in relation to the company if the compromise or arrangement were not sanctioned by the court); and

    (ii) a number representing at least 75% in value of a class of creditors or shareholders voting at the relevant plan meeting who would receive a payment or have a genuine economic interest in the company in the relevant alternative must have approved the restructuring plan.

  (c) the restructuring plan is subsequently sanctioned by the Court at a specific hearing; and

  (d) a copy of the order sanctioning the restructuring plan is delivered to the Registrar of Companies for England and Wales.

6. Once the restructuring plan becomes effective, it will bind the company and creditors and shareholders, regardless of whether they consented to the plan.

7. Attached as **Exhibit 1** is a true and correct copy of CB&I UK's so-called "Practice Statement Letter" ("**PSL**") to creditors, dated September 8, 2023, submitted in connection with the Part 26A proceeding.

8. The PSL sets forth the key terms of the restructuring plan proposed by CB&I UK under Part 26A. Under the proposed plan, Reficar, which is the largest unsecured creditor of CB&I UK, will receive a maximum, contingent payment of US$ 4 million over two years, which Reficar will share with the Contraloria General de la República. PSL, ¶¶ 10.7-10.10. CB&I UK's debt under the Award, which has a total current value of well over US$ 1 billion, will be "discharged in full." PSL, ¶ 8.4.

9. By contrast, under the proposed restructuring plan CB&I's equity holders will be completely unimpaired and all other lenders and creditors will be paid in full. PSL, ¶ 8.

10. According to the PSL, CB&I UK expects the "Sanction Hearing," at which the English court will be asked to approve CB&I UK's proposed restructuring plan, to be held on November 10, 2023. PSL, ¶ 18.7. That is less than eight weeks from the date of this declaration.

I declare under penalty of perjury of the law of the United States of America that the foregoing is true and correct.

Executed on:   September 25, 2023

*London, United Kingdom*

Patrick Schumann